IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, | ) ) ) | CIV-S-04-0836 GEB JFM |
| Plaintiff, | ) ) | ORDER |
| v. | ) ) | |
| MBA CONSTRUCTION, et al. | ) ) | |
| Defendants. | ) ) | |

Plaintiff seeks partial summary judgment on its right to specific performance of the collateral security provisions of a General Agreement for Indemnity ("Indemnity Agreement") between the parties. The Indemnity Agreement was entered in connection with bonds for a construction project performed by Defendants for the Redding School District ("District"). Defendants oppose the motion.[1]

---

[1] "The standards applicable to motions for summary judgment are well known, see, e.g., Rodgers v. County of Yolo, 889 F. Supp. 1284 (E.D. Cal. 1995), and need not be repeated here." Reitter v. City of Sacramento, 87 F. Supp. 2d 1040, 1042 (E.D. Cal. 2000).

1

Plaintiff argues, "The Defendants are in breach of the . . . [I]ndemnity [A]greement, as they have failed to post collateral security demanded of them by [Plaintiff] pursuant to the terms of that contract."[2] (Pl.'s Mot. for Partial Summ. J. ("Pl.'s Mot.") at 1.) "Sureties are ordinarily entitled to specific performance of collateral security clauses." Safeco Ins. Co. of Am. v. Schwab, 739 F.2d 431, 433 (9th Cir. 1984). "[T]he Defendants agreed in the Indemnity Agreement "to pay to [Plaintiff] upon demand an amount sufficient to discharge any claim made against any Bond." (Indemnity

---

[2] Defendants argue that First National "does not have standing to ask this Court for relief" since the Indemnity Agreement was "made in favor of Safeco Insurance, not First National Insurance Company of America." (Defs.' Opp'n to Pl.'s Mot. ("Opp'n") at 6.) However, the Indemnity Agreement lists First National in the definition of "Surety," and the Joint Status Report ("JSR") states that "Defendants . . . are indemnitors to First National under [the Indemnity Agreement]." (Hyslop Decl. Ex. A. ("Indemnity Agreement"); JSR at 3.)

Defendants also object to the admissibility of the Indemnity Agreement as an exhibit to the Hyslop Declaration on the grounds of hearsay, authentication, and improper conclusion of fact or law. Defendants' hearsay objection is overruled since "[Federal] Rule [of Evidence] 803(6) allows the admission of business records when 'two foundational facts are proved: (1) the writing is made or transmitted by a person with knowledge at or near the time of the incident recorded, and (2) the record is kept in the course of regularly conducted business activity.'" Sea-Land Service, Inc. v. Lozen Intern., LLC, 285 F.3d 808, 819 (9th Cir. 2002) (quoting United States v. Miller, 771 F.2d 1219, 1237 (9th Cir. 1985). Plaintiffs have declared that "[Hyslop] generally supervise[s] the maintenance of First National's files relating to [Defendants.]" (Hyslop Decl. ¶ 4.)

Defendants' authentication objection is also overruled since the Indemnity Agreement is self-authenticating; it is "accompanied by a certificate of acknowledgment executed in the manner provided by law by a notary public. . . ." Fed. R. Evid. 902(8); see e.g. Remington Investments, Inc. v. Berg Product Design, Inc., 172 F.3d 876 (9th Cir. 1999).

Finally, Defendants' objection based on improper conclusions of fact or law is also overruled since the statement is not a conclusion of fact or law but rather a statement of the contents of the Indemnity Agreement.

Agreement at 1; Pl.'s Statement of Undisputed Facts ("PSUF") ¶ 8.) "[A]n itemized statement of loss and expense incurred by [Plaintiff], sworn to by an officer of [Plaintiff], shall be prima facie evidence of the fact and extent of liability of [Defendants] to [Plaintiff] . . . ." (Indemnity Agreement at 1; PSUF ¶ 13.)

Plaintiff avers that "certain claims have been made on [Plaintiff's] Bonds" and it "has paid Bond claimants," but "[t]he Defendants have continued to fail to provide the required indemnity and reimbursement owed to [Plaintiff] . . . ."[3] (PSUF ¶¶ 33, 34, 95.) "[Plaintiff] has filed . . . an itemized statement of the loss and expense incurred by it," sworn to by at least one of Plaintiff's officers.[4] (Id. ¶ 14.) Since the Indemnity Agreement requires Defendants to collateralize Plaintiff when Plaintiff has shown that demands have been made, Plaintiff has made a prima facie showing that it is entitled to specific performance of the collateral security provisions of the Indemnity Agreement.

However, Defendants argue Plaintiff's action "is barred by the Doctrine of Unclean Hands" since "Plaintiff breached the implied covenant of good faith and fair dealing" by "meddl[ing] in

---

[3] Defendants object to the admissibility of the evidence supporting these statements on the grounds of hearsay, lack of foundation, and unsupported conclusion of fact. The hearsay and foundation objections are overruled for the reasons stated in footnote 1, *supra*. Furthermore, the statements do not contain unsupported conclusions of fact.

[4] Defendants object to the admissibility of the evidence supporting this statement on the basis of hearsay, lack of foundation, and unsupported conclusion of fact or law. However, the statement fits within the business records exception to the hearsay rule (see Federal Rule of Evidence 803(6)), the proper foundation has been laid, and the statements do not contain unsupported conclusions of fact or law. Therefore, the objections are overruled.

3

[Defendants'] relationship with subcontractors and ma[king] legal threats to the District which ultimately disrupted [Defendants'] ability to get all subcontractors paid." (Opp'n at 8, 9, 10.) "There is an implied covenant of good faith and fair dealing in every contract that neither party will do anything which will injure the right of the other to receive the benefits of the agreement." Comunale v. Traders & Gen. Ins. Co., 50 Cal. 2d 654, 658 (1958). Defendants aver, "the Surety and its agents made every step difficult resulting in extensive attorneys fees and costs" and "Plaintiff continually interfered and thwarted efforts to resolve sub-contractor claims." (Defs.' Statement of Undisputed Facts ("DSUF") ¶¶ 168, 175.) Specifically, "on April 14, 2004, [Plaintiff's attorney] called [the] District's attorney, and requested that funds be withheld." (Id. ¶ 137.)

"[W]henever a party, who . . . seeks to set the judicial machinery in motion and obtain some remedy, has violated conscience, or good faith, or other equitable principle, in his prior conduct, then the doors of the court will be shut against him . . . ." Dickson, Carlson & Campillo v. Pole, 83 Cal. App. 4th 436, 446 n.7 (2000) (citation omitted). "[T]he extent of actual harm caused by the conduct in question, either to the defendant or to the public interest, is a highly relevant consideration." Republic Molding Corp. v. B.W. Photo Utils., 319 F.2d 347, 349-50 (9th Cir. 1963). "[T]he court must weigh the substance of the right asserted by [P]laintiff against the transgression which, it is contended, serves to foreclose that right. The relative extent of each party's wrong upon the other and upon the public should be taken into account, and an equitable balance struck." Id. at 350.

4

On April 8, 2004, Plaintiff paid a claim by Partition Specialty, Inc. for $77,728.00.[5] (Id. ¶ 41.) Since Plaintiff's alleged interference with Defendants' efforts to resolve sub-contractor claims did not occur until April 14, 2004, when Plaintiff's attorney allegedly called the District's attorney, the Partition Specialty, Inc. claim could not have been "actual harm caused by the conduct in question." (Id.; DSUF ¶ 137; Republic Molding Corp., 319 F.2d at 349.) Therefore, Plaintiff is entitled to collateralization in the amount of $77,728.00.

Plaintiff also seeks collateralization of the claim paid to Tina's Interior Design Resource on August 31, 2004, in the amount of $25,237.36, and seeks $28,792.64 in legal fees and $709.62 in travel expenses.[6] (PSUF ¶¶ 40, 46, 48). However, since there is a genuine issue of material fact as to whether Plaintiff's alleged interference on April 14, 2004, at least in part caused Plaintiff to have to pay the Tina's Interior Design Resource claim, and because Plaintiff does not identify the dates on which it incurred the legal fees and travel expenses, Plaintiff's motion for partial summary judgment on its right to collateralization for the Tina's Interior Design Resource claim, legal fees, and travel expenses is denied.

IT IS SO ORDERED.

Dated: July 22, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[5] Defendants' objections are overruled for the reasons stated in footnote 4, *supra.*

[6] Defendants' objections are overruled for the reasons stated in footnote 4, *supra.*

5