IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FIRST NATIONAL INSURANCE COMPANY OF AMERICA, | CIV-S-04-0836 GEB JFM |
| Plaintiff, | ORDER |
| v. | |
| MBA CONSTRUCTION, et al. | |
| Defendants. | |

Defendant MBA Construction ("Mack") moves for a stay of this action until the completion of a state court action in Shasta County Superior Court ("State Case") or, in the alternative, for a continuance of the trial date for approximately six months. Plaintiff opposes the motion.

In the State Case, Mack sued "the Redding Unified School District ("School") alleging, among other things, breach of contract for work performed on the Sequoia Middle School Auditorium for which Mack was not fully paid by the School." (Def.'s Mot. to Stay at 1.) Mack contends that "the facts and issues [in this action and the State Case] are virtually the same," and "it is likely that most, if not all issues [in this action] will be resolved in the State Case." (Id. at 4.) Mack also "seeks a continuance based on unavailability of

1

counsel" since Mack's trial counsel "has conflicts with" the trial date currently set in this action. (Id. at 4-5.) Mack contends that its motion "is not brought . . . for any lack of diligence in preparing for the Federal Case trial"; a continuance would be useful to Mack since it would "slow First National's accrual of attorneys fees in the Federal Case and narrow issues related to the payment of subcontractors, and [allow for] analysis of construction delay damages through expert testimony in the State Case"; "the wait or slight inconvenience [of continuing the trial] is offset by the convenience which will be served by having the State Case finalized so as to make more clear the Federal Case issues and liability"; and Mack will suffer great prejudice because it "is currently having to prosecute one action in state court and defend another action based on the same facts in federal court." (Def.'s Mot. at 5, 6.)

Plaintiff counters that "[t]here is no reason to stay this case based on the School District Action." (Pl.'s Opp'n at 3.) Plaintiff contends that it "is entitled to recover its damages from the Defendants *regardless* of whether Mack Construction is successful in its attempt to pass same through to the School District," and "there is no legal reason why particularly First National should be forced to subsume its claims against Mack Construction to Mack Construction's recovery in the School District Action." (Id. at 2.) Plaintiff contends Mack's motion should be denied since Plaintiff will be prejudiced by a stay or continuation of this case; this action and the State Case do not involve the same parties or the same issues; Mack's counsel has known about the trial date in this action for over a year; there is no assurance that the State Case will actually go to trial in October since it has already been continued several times;

Mack has evaded discovery in this action; and this action is ripe. (Id. at 4-11.)

Federal Rule of Civil Procedure 16(b) states that a scheduling order "shall not be modified except upon a showing of good cause." "Rule 16's 'good cause' standard focuses on the diligence of the party seeking amendment." Jackson v. Laureate, Inc., 186 F.R.D. 605, 607 (E.D. Cal. 1999) (citing Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 609 (9th Cir. 1992)). "Because good-faith compliance with Rule 16 plays an important role in [the case management] process, not only must parties participate from the outset in creating a workable Rule 16 scheduling order but they must also diligently attempt to adhere to that schedule throughout the subsequent course of the litigation." Jackson, 186 F.R.D. at 607 (internal citation and quotation marks omitted). The parties' Joint Status Report, filed August 16, 2004, indicated that "the present action by First National against the Defendants is not dependent upon resolution of the [State Case] and should not be affected thereby." (Joint Status Report at 6.) Furthermore, Mack has not shown why the "conflicts" that its trial counsel currently faces could not have been avoided.

Since Mack's present position about trying the State Case before trying this action is contrary to its position in the Joint Status Report, Mack has not shown that it diligently assisted the Court in creating a workable Rule 16 order. The Court used the parties' Joint Status Report when scheduling trial in the Status (Pretrial Scheduling) Order. Here, Mack fails to explain why it should not be bound by its indication in the Joint Status Report that the trial of this action could be scheduled regardless of when the

State Case is resolved.  Having so indicated, Mack now bears the reasonably foreseeable consequences of its failure to have brought its present position to the scheduling judge before the Status (Pretrial Scheduling) Order was created.  See In re San Juan Dupont Plaza Hotel Fire Litig., 11 F.3d 220, 228, 229 (1st Cir. 1997) (stating it is essential "that counsel collaborate with the trial judge from the outset in fashioning workable programmatic procedures" or counsel must "bear the reasonably foreseeable consequences for their failure to do so.").  Further, Mack has not shown that it diligently attempted to adhere to the schedule set forth in the Status (Pretrial Scheduling) Order, since Mack has not explained why it could not have avoided what it states are trial "conflicts."

For the stated reasons, Mack has not shown that good cause justifies amending the Status (Pretrial Scheduling) Order issued in this action.  Therefore, Mack's motion is denied.[1]

IT IS SO ORDERED.

DATED: August 4, 2005

/s/ Garland E. Burrell, Jr.
GARLAND E. BURRELL, JR.
United States District Judge

---

[1] Mack argues that the factors set forth in United States v. Flynt, 756 F.2d 1352 (9th Cir. 1985), ("Flynt factors"), dictate that this action should be stayed until the State Case is resolved. In United States v. Flynt, a criminal case, the Ninth Circuit identified four factors that appellate courts consider when reviewing a denial of a request for a continuance. The Flynt factors do not support granting Mack's motion.
Mack also contends that its motion should be granted since "The claims involving subcontractors [and Plaintiff's claim for attorney's fees] are not ripe until the State trial has concluded." (Def.'s Mot. at 7.) However, Mack's argument is unavailing since Mack has not shown how Plaintiff's claims for collateralization and indemnification do not constitute a "live case or controversy." Clinton v. Acequia, Inc., 94 F.3d 568, 572 (9th Cir. 1996).

4